# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Ruben Torres Maldonado | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 25 C 12762 |
| v. | ) | |
| | ) | Hon. Jeremy C. Daniel |
| | ) | |
| Samuel Olson, Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, *et al.*, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

**The parties are instructed to consult the Statement section of this Order.** Petitioner brings a 28 U.S.C. § 2241 habeas corpus petition alleging that he was arrested by ICE on October 18, 2025. The petition asserts his 16-year-old United States Citizen daughter suffers from Metastatic Alveolar Rhabdomyosarcoma, a life-threatening form of cancer. The daughter has been hospitalized at Lurie's Children's Hospital in Chicago, Illinois since September 2025, where she is receiving chemotherapy and radiation treatments. He claims to be the family sole provider as his wife cares full time for their daughter and four-year-old United States Citizen son. Although Petitioner's counsel filed this case on October 19, 2025, at 11:04 p.m., there is presently no motion for emergency relief such as a temporary restraining order or bond pending review of this habeas corpus petition. *See A.A.R.P v. Trump*, 605 U.S. 91, 92 (2025) (considering TRO request in 28 U.S.C. 2241 immigration habeas corpus case); *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (recognizing that district court has inherent authority to grant bail while habeas corpus case is pending, but power should be used sparingly); *but see Bolante v. Keiser*, 506 F.3d 618, 621 (7th Cir. 2007) (holding that habeas corpus court's inherent power to grant bail in a habeas corpus case must yield when Congress forbids the granting of bail under the Immigration statute). The Court leaves it to Petitioner's attorney to consider what, if any, motions are proper. Respondent shall make a preliminary filing on or before October 22, 2025, stating: (1) whether Petitioner was located in the Northern District of Illinois at the time this case was filed; (2) the current status of Petitioner's immigration proceedings; (3) Petitioner's current location and proper Respondent based on that location; and (4) the government's view as to whether the recent decision in *Castañon Nava v. DHS*, No. 18 C 3757 (N.D. Ill) (Dkt. 214) (addressing a consent decree) has any effect on Petitioner's habeas corpus case. Pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, the Government is ordered not to remove Petitioner from the jurisdiction of the United States and not to transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) (citing 28 U.S.C. § 1651(a))

1

("[T]he Government represented on the record in federal court that it reserved the right to remove detainees after midnight. We had the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter."); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.") If the Petitioner is already, as of the posting of this order, located outside of Illinois, Indiana, or Wisconsin but within the United States, or is in the midst of transportation outside of those States to another State, then this bar on transfer does not require the immediate return of the Petitioner as long as Respondent intends to hold Petitioner within the United States. Instead, the parties and the Court will address the issue after the Respondent makes the preliminary filing. The Clerk shall email a copy of this order to Tom Walsh, Chief of the Civil Division, United States Attorney's Office, Northern District of Illinois, Craig Oswald, AUSA, United States Attorney's Office, Northern District of Illinois, and Joshua Press, AUSA, United States Attorney's Office, Northern District of Illinois. This case is set for an in-person status hearing October 23, 2025, at 9:30 a.m. in Courtroom 1419.

## **STATEMENT**

Petitioner Ruben Torres Maldonado brings the instant 28 U.S.C. 2241 habeas corpus petition alleging that he was arrested without a warrant by immigration officials on October 18, 2025, in Niles, Illinois. (Dkt. 1, pg. 4.) Pending before the Court is the initial review of the habeas corpus petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] (Dkt. 1.) *See Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006) (instructing that district court must conduct a prompt examination of newly filed habeas corpus petitions).

Petitioner is a 40-year-old Mexican national who entered the United States in 2003. *Id*. He is married and has two children. *Id*. at 6. The children, both United States Citizens, are a 16-year-old daughter and 4-year-old son. *Id*. Petitioner is a painter employed by the same company for the last 20 years. *Id*. He also has a second job working as a self-employed home renovation contractor. *Id*. He was arrested while working at his second job doing home renovations. *Id*. at 4. Petitioner concedes he has received tickets related to driving without a license but alleges he does not otherwise have a criminal record. *Id*. at 7.

Petitioner's daughter has been a patient at Lurie's Children's Hospital in Chicago, Illinois since September 2025. *Id*. at 6. She was diagnosed with Metastatic Alveolar Rhabdomyosarcoma, a life-threatening form of cancer in December 2024. *Id*. Her condition worsened in September 2025 when she suffered abdominal distension. *Id*. The distension was caused by fluid retention caused by her tumor burden. *Id*. She is presently undergoing chemotherapy and radiation therapy at Lurie's Children's Hospital. *Id*. Due to the care needs of both his ill daughter and four-year-old

---

1 Rule 4 requires this Court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that Petitioner is not entitled to relief. Although this case is brought under 28 U.S.C. § 2241, the Court applies the Rules Governing Section 2254 Cases in the United States District Courts to the instant action. *See* 2254 Rule 1(b); *Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006) (2254 Rules apply to § 2241 habeas corpus cases).

son, Petitioner's wife cares for the children full-time. *Id*. In turn, Petitioner is the sole financial provider for the family. *Id*. To be clear, the Court understands that only the father was detained by immigration authorities.

Petitioner asserts that no notice to appear has been filed by Respondents, but he anticipates he will be charged as an alien present in the United States who has not been admitted or paroled and is removable for having entered the United States without inspection. *Id*. at 2 (citing 8 U.S.C. § 1182(a)(6)(A)(i)). He understands that his removal hearing is scheduled before the Immigration Court in Detroit, Michigan on January 7, 2026. (Dkt. 1, pg. 7.) Petitioner alleges that he intends to seek cancelation of removal before the Immigration Judge pursuant to 8 U.S.C. § 1229b(b) due his many years of residence in the United States, good moral character, and exceptional and unusual hardship his children will suffer if he is removed from the United States. (Dkt. 1, pgs. 7-8.)

In addition, Petitioner wishes to be released on bond or his own recognizance while his immigration proceedings are pending. *Id*. at 7. Petitioner argues that seeking this relief before the Immigration Judge is futile in light of *In re Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). In turn, he seeks an order from this Court via the instant habeas corpus petition instructing the immigration court to consider his bond request, or alternatively provide his immediate release from custody. The Honorable Lindsay C. Jenkins of this Court granted relief on this identical argument in a different habeas corpus case four days ago. *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *8 (N.D. Ill. Oct. 16, 2025) (Jenkins, J.). The Court understands that there is no controlling precedent from the Supreme Court of the United States or United States Court of Appeals for the Seventh Circuit, nor any ruling from a court of appeals, on this point as *Yajure Hurtado* was decided by the Board of Immigration Appeals on September 5, 2025. However, as Judge Jenkins noted in her opinion, numerous district courts outside the Northern District of Illinois have also granted detainees relief (like Judge Jenkins did) on this same issue over the past several weeks. *Id*. at *5 n.8. The Court understands the vast weight of persuasive authority on this point to be in Petitioner's favor.

Although Petitioner has not filed a motion for temporary restraining order or bond in this case, the Court notes that Petitioner's counsel has acted with dispatch so far in this case. Petitioner alleged he was arrested on Saturday, October 18th, and CM/ECF shows that the habeas corpus petition was filed on Sunday, October 19, 2025, at 11:04 p.m. *See A.A.R.P v. Trump*, 605 U.S. 91, 92 (2025) (considering TRO request in 28 U.S.C. 2241 immigration habeas corpus case); *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (recognizing that district court has inherent authority to grant bail while habeas corpus case is pending, but power should be used sparingly); *but see Bolante v. Keiser*, 506 F.3d 618, 621 (7th Cir. 2007) (holding that habeas corpus court's inherent power to grant bail in a habeas corpus case must yield when Congress forbids the granting of bail under the Immigration statute). The Court leaves it to Petitioner's attorney to consider what, if any, motions are proper.

The Court also recognizes the potential interplay with the consent decree in *Castañon Nava v. Department of Homeland Security*, No. 18 C 3757 (N.D. Ill.) (Cummings, J.), and the instant case. Under the consent decree in that case, "Class members who are arrested contrary to the terms

of the [Consent] Agreement and are in ICE custody shall be released from custody on their own recognizance without posting bond as soon as practicable subject to certain exceptions (such as where the class member is subject to mandatory detention pursuant to the INA)." *Castañon Nava v. Department of Homeland Security*, __ F. Supp. 3d __, No. 18 C 3757, 2025 WL 2842146, at *5 (N.D. Ill. Oct. 7, 2025) (Cummings, J.).

The Court appreciates that Petitioner is presently subject to mandatory detention under the Board of Immigration Appeals' *In re Yajure Hurtado* case. However, should the Court rule in Petitioner's favor in this habeas corpus action, and both Judge Jenkins' *Ochoa* ruling as well as the weight of the authority from district courts throughout the country suggest that Petitioner has a strong habeas corpus claim, the Court understands that Petitioner would no longer be subject to mandatory detention. The Court further understands that any consent decree issues must be ultimately resolved in the case before Judge Cummings, and the consent decree claim cannot be adjudicated in this case. *Suter v. Artist M.*, 503 U.S. 347, 354 n.7 (1992); *Klein v. Zavaras*, 80 F.3d 432, 435 (10th Cir. 1996). However, the consent decree case is relevant to this case as the Court understands that Petitioner must obtain relief in this case to alter his detention status from mandatory detention in order to proceed with his consent decree claim. This makes the consent decree case relevant to this habeas corpus case as the Court considers any requests from Petitioner to expedite briefing (and any potential relief) on the habeas corpus petition must effectively proceed first before the consent decree case.

The parties are ordered to be prepared to discuss these issues identified in this order, along with any other desired issues, at the in-person status hearing.

Finally, pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, the Government is ordered not to remove Petitioner from the jurisdiction of the United States and not to transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) (citing 28 U.S.C. § 1651(a)) ("[T]he Government represented on the record in federal court that it reserved the right to remove detainees after midnight. We had the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter."); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.") If the Petitioner is already, as of the posting of this order, located outside of Illinois, Indiana, or Wisconsin but within the United States, or is in the midst of transportation outside of those States to another State, then this bar on transfer does not require the immediate return of the Petitioner as long as Respondent intends to hold Petitioner within the United States. Instead, the parties and the Court will address the issue after the Respondent makes the preliminary filing.

Date:   October 20, 2025                    /s/