UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUBEN TORRES MALDONADO, | |
| Petitioner, | No. 25-cv-12762 |
| v. | Judge Jeremy C. Daniel |
| BRANDON CROWLEY, JAIL COMMANDER, CLAY COUNTY DETENTION CENTER, | |
| Respondent. | |

### ORDER

The Court grants, in part, Ruben Torres Maldonado's amended petition for writ of habeas corpus [9]. The government shall provide the petitioner with a bond hearing on or before October 31, 2025. The petitioner's detention is unlawful under the Immigration and Nationality Act and violates the petitioner's right to due process. The parties shall submit a status report on or before November 4, 2025, that addresses the petitioner's release status, including when the petitioner received a bond hearing, the result of that bond hearing, and any findings made by the immigration judge. The Court denies the petitioner's motion for a temporary restraining order [6]. The Court grants the petitioner's motion to add Brandon Crowley as respondent [15]. The Clerk shall alter the case caption to *Torres Maldonado v. Crowley*.

### STATEMENT

Ruben Torres Maldonado filed an amended petition for a writ of habeas corpus. (R. 9.) In his amended petition, he alleges that: (1) he is a noncitizen who has continually lived in the United States since March 2003, (*id.* ¶¶ 2, 15); (2) the government arrested him without a warrant on October 18, 2025, (*id.*); (3) the government denied him release from immigration custody pursuant to a mandatory detention policy premised on 8 U.S.C. § 1225(b)(2), (*id.* ¶ 4); and (4) the government detained him without a bond hearing to determine whether he is a flight risk or danger to others, (*id.* ¶ 6). The petitioner contends that the government violated the Immigration and Nationality Act ("INA") and the petitioner's right to due process. (*Id.* ¶¶ 5-6.) The petitioner seeks a writ of habeas corpus requiring his immediate release or, in the alternative, to provide him with a bond hearing. (*Id.* at 21.)

This is not the first time the government has defended its mandatory detention policy. In this case, the government has decided to reiterate the same arguments they made in another case in this district. (R. 14 at 1.) Those arguments include: (1) the Court lacks jurisdiction over the issues raised in the petition under the jurisdictional bars set forth in 8 U.S.C. § 1252 because the government's decision to detain the petitioner during removal proceedings is immune from judicial review under 8 U.S.C. § 1252(g), and because 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(a)(2)(B)(ii) bar judicial review of the government's detention decision; and (2) the petitioner does not qualify for bond because he never was admitted to the United States. (R. 14 at 1–2.) Judge Jenkins rejected each of these arguments in *Samuel Ochoa Ochoa, Petitioner, v. Kristi Noem, Sec'y, U.S. Dep't of Homeland Security; Todd Lyons, Acting Dir. of U.S. Immigr. & Customs Enforcement; Samuel Olson, Deputy Field Off. Dir., Chicago Field Off., Immigr. & Customs Enforcement; Brandon Crowley, Clay Cnty. Jail Commander Respondents*, No. 25 CV 10865, 2025 WL 2938779, (N.D. Ill. Oct. 16, 2025). I agree with Judge Jenkins' analysis and reject the government's arguments for the same reasons.

"Section 1225(b)(1) aliens are detained for 'further consideration of the application for asylum,' and § 1225(b)(2) aliens are in turn detained for '[removal] proceeding[s].'" *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Neither of those sections apply to the petitioner, which renders his detention under 8 U.S.C. § 1225(b) unlawful. "[U.S. immigration law] also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Id.* at 289. There is no dispute here that the petitioner, a noncitizen, was "already in the country." He has been here for more than two decades. "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), both of which refer to "an initial custody determination"). Section 1226(a) applies to those arrested and detained "on a warrant." 8 U.S.C. § 1226(a). The record in this case indicates that the government detained the petitioner without a warrant. (R. 8 ¶ 25.) The petitioner contends that § 1226(a) applies but does not address the warrant issue. The government disagrees concerning § 1226(a) but also does not address the warrant issue. Because the parties have not briefed the issue, the Court declines to address it.

Even so, there is an individual in custody who is not subject to mandatory detention, who wants a bond hearing, and who has been denied a bond hearing. Due process requires a bond hearing. "[O]nce an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Procedural due process in constitutional law generally involves a familiar line of inquiry: (1) is there a property or liberty interest protected by due process; and (2) if so, what process is due, and when must that process be made available?" *Simpson v. Brown Cnty.*, 860 F.3d 1001, 1006 (7th Cir. 2017). Courts consider three questions in this regard: "first, the private

interest at stake; second, the risk of erroneous deprivation and the value, if any, of additional procedural safeguards; and third, the government's countervailing interests." *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Here, the private interest at stake is the petitioner's liberty. The risk of deprivation of one's liberty is considerable in any case. The circumstances of this case increase that risk significantly given the petitioner's daughter's health concerns. (*See* R. 9 ¶ 23; R. 6 at 3-4; R. 6-1.) The government has not set forth any countervailing governmental interests. If anything, the government has a substantial interest in credible, transparent, and accountable law enforcement efforts. The government has an even greater interest in upholding the fundamental principles set forth in the U.S. Constitution, which includes the due process of law. Each of these considerations weigh heavily in the petitioner's favor. Therefore, the Court finds that due process requires that the government provide the petitioner with a bond hearing.

The Court will not, however, order the petitioner's release. The issue here is whether the petitioner's detention without a bond hearing under 8 U.S.C. § 1225(b)(2) was unlawful. It was. The appropriate remedy to address that wrong is to order the government to provide the petitioner with a bond hearing. While sympathetic to the plight the petitioner's daughter faces due to her health concerns, the Court must act within the constraints of the relevant statutes, rules, and precedents. *See Lonchar v. Thomas*, 517 U.S. 314, 323 (1996). Here, the petitioner's detention under § 1225(b)(2) is unlawful and violates the petitioner's right to due process. Nonetheless, the INA contemplates immigration judges conducting bond hearings and making custody determinations in immigration enforcement matters. Therefore, it is not for this Court to step in and conduct the bond hearing or to order the petitioner's release. Instead, the appropriate remedy is to require that an immigration judge give the petitioner the required bond hearing. Accordingly, the Court denies the petitioner's motion for a temporary restraining order, which seeks the petitioner's immediate release. (*See* R. 6.)

Finally, the Court grants the petitioner's motion to add Brandon Crowley as respondent. Pursuant to the rule from *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), (proper respondent in a habeas corpus case is petitioner's immediate custodian), the Court pursuant to Fed. R. Civ. P. 25(d) (allowing substitution of government official sued in official capacity), dismisses respondents Olson, Lyons, Noem, Bondi, and Executive Office for Immigration Review, and adds petitioner's present custodian, Brandon Crowley, Jail Commander, Clay County Detention Center, as respondent. The Clerk shall alter the case caption to *Torres Maldonado v. Crowley*.

Date: October 24, 2025

JEREMY C. DANIEL
United States District Judge